[No. 848½.]

JOHN WEARNE, RESPONDENT, *v.* W. J. HAYNES, AP-
PELLANT.

COSTS AGAINST GARNISHEE NOT A "TAX, IMPOST, OR FINE."—An order of a
justice's court imposing costs against a garnishee that had refused to
make a statement, is not a "tax, impost, assessment, or municipal fine,"
within the meaning of those words as used in section 4, article vi, of
the state constitution.

APPEAL from the District Court, Sixth Judicial District,
White Pine County.

*W. J. Haynes,* in *propria persona,* for Appellant.

No appearance by Respondent.

By the Court, LEONARD, J.:

On the twenty-ninth day of June, 1876, the plaintiff, John
Wearne, commenced an action in the justice court of the
ninth township, White Pine county, against Asa B. Eastwood,
to recover one hundred and fifty-five dollars and forty-eight
cents. A writ of attachment was issued and placed in the
hands of James Henry, constable of said township. The
plaintiff notified the constable that he had reason to believe,
and did believe, that Bartholomew O'Connor, secretary of
the San Jose Mining Company, and W. J. Haynes were in-
debted to, or had money or other property of the defend-
ant Eastwood under their control, and requested the con-
stable to act accordingly in the service of the writ. The
constable, in his return, stated that he served the writ upon
said O'Connor, who gave statement; that "he also served
garnishment upon W. J. Haynes, of whom a statement was
demanded, and said Haynes refused to give such state-
ment." On the same day plaintiff, Wearne, made and filed
an affidavit with the justice, setting out the above facts,
together with the further facts that the defendant Eastwood
was indebted to him in the sum of one hundred and fifty-
five dollars and forty-eight cents, and that he had reason to
believe, and did believe, that said W. J. Haynes was in-
debted to the said defendant, or that said Haynes had

money or other property belonging to said defendant, Eastwood, and asked the court to issue an order commanding Haynes to appear before the court, and answer concerning the same.  An order was issued commanding Haynes to appear before the court on the thirtieth day of June, 1876, at ten o'clock A. M., and answer under oath as to whether or not he had any money or other property of said defendant, Asa B. Eastwood, under his control.  The order was served on the defendant on the twenty-ninth of June, and he appeared at the time and place mentioned in the order.  He testified that he was not indebted to defendant Eastwood, and that he had no money or other property under his control belonging to said Eastwood.  Whereupon the court "ordered, decreed, and adjudged that John Wearne, plaintiff herein, do have and recover of and from W. J. Haynes, the garnishee, the sum of eleven dollars gold coin of the United States, with interest thereon at the rate of ten per cent. per annum until paid, the costs in this action."

It is admitted that the eleven dollars mentioned were the costs of the proceedings had under section 1193, Compiled Laws, for the purpose of obtaining information respecting the amount and description of the debt alleged to be due from Haynes to defendant Eastwood.

Haynes appealed from the judgment of the justice's court to the district court of the county, where the judgment was affirmed.  Haynes now appeals to this court, and claims that this court has jurisdiction under section 4, article vi, of the constitution of this state, and section 914, Compiled Laws, which provide that "the supreme court shall have appellate jurisdiction in all cases in equity, and also in all cases at law, in which is involved the title or right of possession to, or the possession of, real estate or mining claims, or the legality of any tax, impost, assessment, toll, or municipal fine, or in which the demand, exclusive of interest or the value of the property in controversy, exceeds three hundred dollars; also, in all other civil cases not included in the general subdivisions of law and equity, and also on questions of law alone, in all criminal

cases in which the offense charged amounts to felony."
Appellant claims that the requirement of the court that he
should pay the costs of the proceedings stated, was a "tax,
impost, or municipal fine." We do not think it was either,
and are satisfied that this court has no jurisdiction of the
question in dispute. If this court has jurisdiction on ap-
peal, it is certain that the district court had exclusive orig-
inal jurisdiction (Secs. 4 and 6, Art. vi, Const.), and it
would follow that the last part of section 1193, Compiled
Laws, is a dead letter in justices' courts. If the require-
ment of the justice that appellant should pay the costs of
special proceedings taken under the statute is a "tax, im-
post, assessment, or municipal fine," it must be the last.
But a fine is a sum of money paid, or required to be paid
by way of penalty. It is a pecuniary punishment for doing
something prohibited, or failing to do something com-
manded to be done by law. In all legal proceedings there
must be costs, and one party or both must pay them. The
general requirement is that they shall fall upon the party
in the wrong or in default. In justices' courts, the plaintiff
is allowed his costs, if he obtain judgment for any sum, be-
cause the defendant is in default in refusing to pay the
amount found due, and an action is necessary. In the dis-
trict court, in an action at law, the plaintiff is not allowed
his costs if he obtain judgment for less than three hundred
dollars, because, in such case, he should have brought his
suit in the justices' court, where the costs would generally
be less than in the district court. So the law provides that
the sheriff shall make a full inventory of the property at-
tached, and return the same with the writ. To enable him
to do so, he shall request the party owing the debts or hav-
ing the credit, to give him a memorandum stating the
amount and description of each; and if such a memorandum
be refused, he shall return the fact of refusal with his writ.
The statute further provides that "the party refusing the
memorandum may be required to pay the costs of any pro-
ceeding taken for the purpose of obtaining information re-
specting the amount and description of such debt or
credit." He is required to pay the costs, not as a punish-

ment, but because of his own fault in failing to give the memorandum. By his failure to comply with the statutory requirement, he compels the plaintiff to institute proceedings that would not have been necessary perhaps, had he done his duty; and being alone in fault, the law requires him to pay costs that he only has made. But they are in no just sense a fine, tax, impost, or assessment, and this court has no jurisdiction. The consent of parties cannot give jurisdiction to this or any other court. Having no jurisdiction over the matters in dispute in this proceeding, the merits will not be discussed, and the appeal is dismissed.